[Civ. No. 8468. First Appellate District, Division Two.—June 15, 1932.]

PACIFIC GAS AND ELECTRIC COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION, MAUD E. LA RIVIERE et al., Respondents.

T. J. Straub and John J. Briare for Petitioner.

A. I. Townsend for Respondents.

STURTEVANT, J.—The petitioner has applied for a writ of review to obtain a judgment directing the modification of an award theretofore made by the respondent Commission. The petitioner does not complain of the amount

of its liability as fixed by the award but contends that the award should not have been apportioned.

On September 8, 1931, Z. La Riviere while employed by the petitioner and in the course and arising out of his employment, met with an accident from which he died. He left surviving and wholly dependent Maud E. La Riviere, his wife, and Melvina La Riviere, his mother, who was partially dependent, and Frances V. McElhany, his mother-in-law, who was a member in good faith of his household. The Commission determined that the total benefit was $5,000. Among others the Commission made a finding as follows: "That said death benefit should be apportioned between Maud E. La Riviere and Melvina La Riviere. That said Melvina La Riviere was partially dependent upon said deceased for support. The annual amount devoted for her support was $120.00 entitling said applicant to a death benefit in the sum of $360.00, payable at the rate of $10.00 a week. That Frances V. McElhany was the mother-in-law of said deceased and was a member of his household in good faith. However, the Commission finds that said applicant will be supported and maintained by said applicant, Maud E. La Riviere, and no specific award is made in favor of said Frances V. McElhany. The balance of said death benefit in the sum of $4640.00 shall be payable to Maud E. La Riviere, payable at the rate of $14.94 a week until the sum of $360 shall have been paid to Melvina La Riviere and thereafter said balance of said death benefit shall be payable to said Maud E. La Riviere at the rate of $24.94 a week."

The petitioner contends that the entire sum should have been awarded to the surviving wife. It is manifest that the legal principles involved are exactly the same as those discussed in *Pacific Gas & Electric Co.* v. *Industrial Acc. Com.*, (No. 8466) *ante*, p. 303 [12 Pac. (2d) 649], this day filed.

For the reasons stated in that opinion the award is affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 15, 1932.